*Compiled*

## IN THE SUPERIOR COURT
## OF GUAM

FILED
SUPERIOR COURT

2012 OCT -5 PM 1: 45

CLERK OF COURT
BY

THE PEOPLE OF GUAM,                )      CRIMINAL CASE No. CM 0362-10
                                   )
                                   )
                v.                 )
                                   )      **DECISION AND ORDER**
                                   )      On ~~Defendant's~~ *People's*
CHINA PAPA,                        )      Motion to Terminate Diversion
                                   )
                    Defendant.     )
_____)

### INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on August 9, 2012 on the People's Motion to Terminate Diversion. The People of Guam were represented by Assistant Attorney General Christina Lum. The Defendant was represented by Assistant Public Defender Maria Fitzpatrick. Having reviewed the memorandum and papers presented, the court now issues the following decision GRANTING the People's Motion to Terminate Diversion.

### FACTUAL HISTORY

On May 3, 2010, the Defendant was charged with misdemeanor *Assault* and *Family Violence*, two counts of petty misdemeanor *Disorderly Conduct*, and two counts of *Public Drunkenness*. Although the Defendant was not a first-time offender, she was allowed to enter Guam's former Diversion program pursuant to 9 GCA §30.80 (1999). The Defendant entered Diversion on November 16, 2010 under standard conditions requiring her to complete a course of counseling, report regularly to an assigned probation officer, and, because of the specific charges, attend and participate in an alcohol treatment program.

The Defendant did not comply with the court-mandated terms of the Diversion program.

ORIGINAL

On August 9, 2012, the People filed a Motion to Terminate Diversion and Reinstitute Criminal Proceedings. In their motion the People argue that the Defendant's failure to satisfactorily perform in the program warrants removing her from Diversion. The Defendant timely opposed the motion arguing that she remains a viable candidate for counseling and alcohol treatment. For the reasons discussed below, the Court holds that the Defendant's numerous violations warrant removing her from Diversion and reinstating criminal proceedings.

### DISCUSSION

Pursuant to Guam's Family Violence Act, defendants who allegedly committed their crimes prior to March 28, 2012 may be eligible to enter Diversion. 9 GCA §30.80 (1999). Diversion is a pre-trial probationary program that requires defendants to complete a recommended counseling plan, as well as possible alcohol and drug treatment, over a proscribed period of one to three years. During this period the defendant must regularly report to a probation officer, make periodic court appointments, pay a series of court fines, and complete all required counseling and treatment sessions. Successful completion of the requirements of diversion results in the defendant's criminal case being dismissed and expunged. Missing court dates, failing to check in with Probation, or unexcused absences from counseling or treatment results in court sanctions. Multiple sanctions can result in removal from the diversion program and renewed prosecution of the defendant's criminal case.

Diversion is a privilege extended by the Family Violence Act to eligible defendants. Accordingly, the Court looks to the language of the statute to determine which defendants the law offers the privilege to, which defendants are not eligible to enter Diversion, and the circumstances under which a defendant may be removed from Diversion. The Act delineates factual circumstances that make a defendant statutorily ineligible, as well as factors the Court must consider when asked to grant or deny a motion for diversion. The Act further permits the prosecuting attorney to motion the court to evaluate whether criminal proceedings should be reinstituted for a defendant who is not performing satisfactorily in Diversion. §30.80.2 (1999).

ORIGINAL

There are three circumstances under which a defendant may be removed from Diversion. The Family Violence Act states that criminal proceedings may be reinstituted where the defendant: (1) is not performing satisfactorily in the assigned program, (2) is not benefiting from the education and treatment program, or (3) is convicted of an [additional] offense involving violence. 9 GCA §30.80.2 (1999). The Prosecutor has motioned the court to terminate the Defendant's Diversion arguing that she is neither performing satisfactorily nor benefiting from the program. The Defendant timely filed an opposition in which she does not deny that she has failed to follow the Court's orders, but states that she would now like to complete both alcohol and counseling treatment. In her opposition, the Defendant "respectfully requests that the court allow her to complete her treatment and extend her diversion."

If the court finds that there is substantial evidence that a defendant is not performing satisfactorily or is not benefiting from the Diversion program, the court must reinstitute criminal proceedings. Substantial evidence is "relevant evidence that a reasonable person may accept as sufficient to support a conclusion, even if inconsistent conclusions may be drawn from the evidence." *B.M. Co. v. Avery*, 2002 Guam 19 ¶13. Substantial evidence is not a "large or considerable amount of evidence," but is merely evidence "a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The Defendant does not deny that she failed to adhere to the conditions of her court ordered Diversion. As noted by the Prosecutor in the People's motion, the Defendant did not participate in counseling or alcohol treatment, violated the court's stay away and no-contact order by calling the victim, consumed alcohol in violation of the terms of her probation, and repeatedly failed to report to her probation officer. The Defendant did not comply with a single term of the Diversion order. The Defendant's conduct led to Probation filing numerous violation reports and two bench warrants have been issued to bring the Defendant back into court on the current case. Most critically, in the time since Diversion was first offered to the Defendant she has been arrested in two additional cases, CM 0389-11 and CM 0682-12, involving *Criminal Mischief* and *Assault*.

ORIGINAL

The Family Violence Act instructs the court to reinstitute criminal proceedings where a defendant is neither performing satisfactorily nor benefiting from Diversion. As previously discussed, three circumstances warrant removal from Diversion: (1) if the defendant is not performing satisfactorily in the assigned program, (2) if the defendant is not benefiting from the education and treatment program, or (3) if the defendant is convicted of an offense involving violence. 9 GCA §30.80.2 (1999). Where the Court finds substantial evidence that any one of these three conditions have been met, the criminal case "*shall* be referred back to the court for resumption of criminal proceedings." *Id.* (emphasis added). The Defendant's numerous violations, her failure to complete any portion of either the counseling or alcohol treatment program, or her decision to violate the stay away order constitutes substantial evidence the she is not performing satisfactorily in Diversion. Furthermore, the Defendant's guilty plea to the charge of *Assault* in the case of CM 0682-12, stands as a conviction involving violence. Based on this evidence, the Family Violence Act mandates that the Court reinstitute criminal proceedings.

## CONCLUSION

Based on the foregoing, the court finds that the Defendant is not satisfactorily completing Diversion. Accordingly, the court GRANTS the People's to Terminate Diversion and Reinstitute Criminal Proceedings. Further proceedings are hereby set for October 10, 2012 at 9:00am.

SO ORDERED, this _5_ day of October 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO
_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

OCT 0 5 2012

James R. Borja
Deputy Clerk, Superior Court of Guam

ORIGINAL